[S. F. No. 2394.   Department One.—January 2, 1903.]

GEORGE D. COOPER et al., Respondents, v. E. J. NOLAN, Appellant; L. JACOBI, Assignee of W. S. Nolan, an Insolvent Debtor, Intervener and Respondent.

FRAUDULENT TRANSFER BY INSOLVENT DEBTOR—ACTION BY CREDITORS—
COMPLAINT IN INTERVENTION BY ASSIGNEE—DEMURRER.—In an action by creditors to set aside a fraudulent transfer made by an insolvent debtor, a complaint in intervention by the assignee of the insolvent alleging that the property was transferred by the insolvent to the defendant without any consideration; that the transfer was merely a fraudulent pretense, and was made secretly and out of the usual course of business; that the property was taken and received by the defendant with full knowledge of the intent to hinder and defraud the creditors of the said insolvent; and that defendant had received from the collection of accounts and choses in action so assigned to him a specified sum,—conceding that it would be subject to a special demurrer upon some particular grounds,—is nevertheless good as against a general demurrer.

ID.—VOID TRANSFER—RECOVERY BY ASSIGNEE.—The facts alleged by the assignee in insolvency and found by the court render the transfer absolutely void, and the property in the hands of the defendant may be recovered by the assignee in insolvency, and applied towards the payment of the creditors of the insolvent.

ID.—UNAUTHORIZED PART OF JUDGMENT—ARREST OF DEFENDANT.—That portion of the judgment in favor of the assignee which ordered the sheriff to arrest the defendant and retain him under arrest in the county jail until he shall have paid to the assignee the sum collected by him, or until further order of the court, is without authority of law.

ID.—ABILITY TO COMPLY WITH JUDGMENT—RIGHT TO BE HEARD.—The defendant has a right to be heard upon the question of his ability to comply with the judgment and direction of the court to pay over the money to the assignee in case he should fail to comply therewith, and should be cited to show cause of his non-compliance therewith before he can be condemned to prison. If unable to comply, he cannot be imprisoned.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

George D. Collins, for Appellant.

Heller & Powers, for Respondents.

VAN DYKE, J.—This is an appeal from the judgment in an action to set aside as fraudulent a transfer of certain choses in action made by one W. S. Nolan to his brother, the defendant. The assignee in insolvency of said W. S. Nolan, by leave of court, filed a complaint in intervention. Findings and judgment went in favor of the intervener and against the defendant, from which judgment the appeal is taken upon the judgment-roll alone. It is alleged in the complaint in intervention, and found by the court, that the property transferred, or attempted to be transferred, by W. S. Nolan to his brother was without any consideration whatever, and was merely a fraudulent pretense; that said W. S. Nolan was not indebted to said defendant in any sum of money whatever, or under any obligations to him; that said fraudulent transfer was made secretly and out of the usual course of business, and said property was taken and received by the defendant with full knowledge in him of the intent to hinder and defraud the creditors of said W. S. Nolan; and that said defendant had received from the collection of accounts and choses in action so assigned to him the sum of $4,933.25. The decree based upon said findings adjudged the defendant guilty of fraud in that he received from said accounts and choses in action the said sum, and he was directed forthwith to pay to the intervener, assignee in insolvency of the estate of W. S. Nolan, the said sum, with interest thereon at the rate of seven per cent per annum until the same be paid, and costs

of suit; "and the sheriff of the city and county of San Francisco is hereby ordered to arrest said defendant, E. J. Nolan, forthwith because of said fraud, and hold and retain said defendant under arrest in the county jail of the city and county of San Francisco, state of California, until he shall have paid to the intervener the sum of $4,933.25, or until the further order of this court."

Appellant contends that the complaint is insufficient. Conceding that it would have been subject to a special demurrer upon some particular grounds, yet it will stand against the general demurrer here interposed.

The facts alleged and found render the transaction in question absolutely void, and the property so transferred in the hands of the defendant may be recovered by the assignee in insolvency and applied towards the payment of the creditors of W. S. Nolan, the debtor, as was decreed in this case. "Every transfer of property or charge thereon made, every obligation incurred, and every judicial proceeding taken, with intent to delay or defraud any creditor or other person of his demands, is void against all creditors of the debtor, and their successors in interest, and against any person upon whom the estate of the debtor devolves in trust for the benefit of others than the debtor." (Civ. Code, sec. 3439.)

But the portion of the judgment ordering the sheriff to arrest the defendant forthwith and hold and retain him under arrest in the county jail is without authority of law. "No person shall be imprisoned for debt in any civil action, on mesne or final process, unless in cases of fraud, nor in civil actions for torts, except in cases of willful injury to person or property; and no person shall be imprisoned for a militia fine in time of peace." (Const., art. 1, sec. 15.) This case does not fall within the exceptions mentioned in the constitution where an arrest may be had in civil actions, nor does it come within any of the code provisions on that subject. (Code Civ. Proc., sec. 479.)

The defendant did not contract any debt or obligation to the creditors of W. S. Nolan, for whom the assignee in insolvency prosecutes this suit, and the action is not for taking or detention within the meaning of the code, but is a proceeding in equity to have declared void the transfer of the choses in action to the defendant by the debtor, W. S. Nolan.

The decree to that extent is justified by the nature of the action.  If the defendant should fail to comply with the order of the court to turn over to the assignee in insolvency what he received from the debtor, W. S. Nolan, or the proceeds thereof now in his hands, the court might then take steps to enforce a compliance with its decree; but in such case the defendant should first be cited to show cause why he does not comply with the order of the court, and be given an opportunity to be heard.  He might on such hearing, perhaps, show good cause why he cannot comply with the order of the court, in which case he could not be imprisoned for the reasons already stated—that he does not fall within any of the specified classes of cases authorizing imprisonment, either under the constitution or code; and on this matter of his ability to comply with the decree of the court he has a right to be heard before being condemned to prison.  This is but due process of law which every one is entitled to and has a right to invoke.

Cause remanded, with directions to the court below to strike from the decree that portion reading as follows:  "And the sheriff of the city and county of San Francisco is hereby ordered to arrest said defendant, E. J. Nolan, forthwith because of said fraud, and hold and retain said defendant under arrest in the county jail of the city and county of San Francisco, state of California, until he shall have paid to the intervener the sum of $4,933.25, or until the further order of this court."

Harrison, J., and Garoutte, J., concurred.